# UNITED STATES DISTRICT COURT
## District of Kansas
(Wichita Docket)

UNITED STATES OF AMERICA,

Plaintiff,

v.   CASE NO. 14-10137-01-JTM

JONEARL SMITH,

Defendant.

FILED
U.S. District Court
District of Kansas
OCT 06 2014
Clerk, U.S. District Court
By_____ Deputy Clerk

## PLEA AGREEMENT PURSUANT TO FED.R.CRIM.P. 11(c)(1)(C)

The United States of America, by Debra L. Barnett, Assistant United States Attorney, and JonEarl Smith, the defendant, personally and by and through defendant's counsel, Timothy Henry, Assistant Federal Public Defender, hereby enter into the following plea agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure:

1.   **Defendant's Guilty Plea.**   If the Court permits, the defendant agrees to plead guilty to Count One of the Information, which charges a violation of Title 18, United States Code, Section 924(c), that is, brandishing a firearm in furtherance of a crime of violence.   By entering into this plea agreement, the defendant admits to knowingly committing this offense, and to being guilty of this offense.   The defendant

1

understands that the maximum sentence which may be imposed as to Count One of the ~~Indictment~~ Information [handwritten initials] to which the defendant has agreed to plead guilty is not more than life imprisonment, with a mandatory minimum sentence of seven (7) years imprisonment, a $250,000.00 fine, five years of supervised release, no restitution and a $100 mandatory special assessment. The United States agrees to move to dismiss the Indictment at the time of sentencing.

2.   **Factual Basis for the Guilty Plea.**   The parties agree the facts constituting the offense to which the defendant is pleading guilty are as follows:

> On July 12, 2014, the defendant, JonEarl Smith was driving a car that was involved in a shooting incident in Wichita, Kansas. The defendant admits that he drove his car and brandished a firearm at others, who were later identified as gang members.
>
> The defendant admits that he was eventually stopped in the car by the Wichita Police Department. Two guns were found in the defendant's car in the front passenger floorboard. One of these two guns was the gun brandished by the defendant, while the second firearm was pointed at the gang members during the shooting incident.
>
> The guns found in the car were an (1) Izhmash, model IZ-132, 7.62X39 caliber semi-automatic rifle, s/n 09100126, and (2) a loaded Smith & Wesson, model 4013TSW, .40 caliber semi-automatic handgun, s/n TDM0037. The defendant further admits that he knew the guns were in his car, and that he knowingly engaged in these actions.
>
> The defendant would advise the Court that he understands that the act of brandishing the gun(s) at other people, constituted a crime of violence for which the defendant could be prosecuted in a court of the United States. In addition, the defendant would advise the Court that he has reviewed evidence in the case and learned that the two previously mentioned guns, are firearms as defined in Title 18, United States Code, Section 921(a)(3).

3.   **Proposed (c)(1)(C) Sentence.**   The parties propose, as an appropriate disposition of the case, a sentence of 120 months in prison on the Title 18, United States

Code, Section 924(c); five years of supervised release; no fine; and the mandatory special assessment of $100.00 to be paid during the defendant's incarceration. The parties seek this binding plea agreement as an appropriate disposition of the case because it brings certainty to the sentencing process and assures that the defendant and the government will benefit from the bargain they have struck if the Court permits itself to be bound by the proposed sentence; the interests of justice are served by the sentence, thereby assuring that the sentence is consistent with the sentencing factors of 18 U.S.C. § 3553(a); and if the Court does not agree with the sentence, the parties may be restored to the positions they maintained prior to reaching this plea agreement. This agreement centers on the defendant's agreement to enter defendant's guilty plea as soon as the Court's schedule permits, thereby preserving valuable Court, prosecution, public defender, probation office, U.S. Marshals Service and other law enforcement resources.

4. **Application of the Sentencing Guidelines.** The parties are of the belief that the proposed sentence does not offend the now advisory sentencing guidelines, but because this proposed sentence is sought pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties are not requesting imposition of an advisory guideline sentence.

5. **Government's Additional Agreement.** In return for the defendant's plea of guilty as set forth herein, the United States Attorney for the District of Kansas also agrees to not file any additional charges against the defendant arising out of the facts forming the basis for the Indictment.

6. **Whether to Accept the Proposed Plea Agreement and Sentence is Up to the Court.** The Court has no obligation to accept the proposed plea agreement and

sentence. It is solely within the Court's discretion whether to accept the proposed binding plea agreement as an appropriate disposition of the case.

7. **Withdrawal of Plea Permitted Only if the Court Does Not Accept the Plea Agreement and Proposed Sentence.** On the other hand, if the Court agrees to be bound by proposed plea agreement and accepts the defendant's plea of guilty, the defendant will not be permitted to withdraw it. Only if the Court rejects the proposed plea agreement will the defendant be permitted to withdraw defendant's guilty plea.

8. **Payment of Special Assessment.** The defendant understands that a mandatory special assessment of $100.00 will be entered against the defendant at the time of sentencing. The parties acknowledge the defendant is without adequate resources to pay the special assessment at the time of sentencing and agree to recommend that the Court order payment to occur during the defendant's period of incarceration.

9. **Waiver of Appeal and Collateral Attack**. The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, the defendant's conviction, or the components of the sentence to be imposed herein including the length and conditions of supervised release. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change defendant's sentence or manner in which it was determined in any collateral attack, including, but not limited to,

4

a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)], a motion brought under Title 18, U.S.C. § 3582(c)(2) and a motion brought under Fed. Rule of Civ. Pro 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court. However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received as authorized by Title 18, U.S.C. § 3742(a). Notwithstanding the forgoing waivers, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct.

10. **Waiver of FOIA Request.** The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, Title 5, U.S.C. § 552, or the Privacy Act of 1974, Title 5, U.S.C. § 552a.

11. **Full Disclosure by United States.** The defendant understands the United States will provide to the court and the United States Probation Office all information it deems relevant to determining the appropriate sentence in this case. This may include information concerning the background, character, and conduct of the defendant

including the entirety of the defendant's criminal activities. The defendant understands these disclosures are not limited to the count to which the defendant has pled guilty. The United States may respond to comments made or positions taken by the defendant or defendant's counsel and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement. The defendant also has the right to provide information concerning the offense and to make recommendations to the court and the United States Probation Office.

12. **Forfeiture**. The defendant agrees to the forfeiture of the following property to the United States:

    (a)    Izhmash, model IZ-132, 7.62X39 caliber semi-automatic rifle, s/n 09100126; and

    (b)    Smith & Wesson, model 4013TSW, .40 caliber semi-automatic handgun, s/n TDM0037 with six live .40 caliber Winchester S&W cartridges.

Defendant agrees that this property represents proceeds of, and derived from, the commission of Count One of the Information. Defendant knowingly and voluntarily waives his right to a jury trial regarding forfeiture, and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of the property listed herein. The defendant acknowledges and agrees that the forfeiture of this property shall not be deemed an alteration of defendant's sentence or this agreement and shall not be treated as

satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture. Additionally, defendant agrees to the immediate entry of the preliminary order of forfeiture, and agrees to sign any and all documents necessary to effectuate the forfeiture and transfer of his interest and possession of the property identified in this paragraph to the United States prior to the imposition of sentence.

13. **Parties to the Agreement.** The defendant understands this plea agreement binds only the defendant and the United States Attorney for the District of Kansas, and that it does not bind any other federal, state, or local prosecution authority.

14. **No Other Agreements.** The defendant has had sufficient time to discuss this case, the evidence, and this agreement with the defendant's attorney and defendant is fully satisfied with the advice and representation provided by defendant's counsel. Further, the defendant acknowledges that defendant has had the plea agreement read to defendant, understands it and agrees it is true and accurate and not the result of any threats, duress or coercion. The defendant further understands that this plea agreement supersedes any and all other agreements or negotiations between the parties, and that this agreement embodies each and every term of the agreement between the parties. The defendant acknowledges that the defendant is entering into this agreement and is pleading guilty because the defendant is guilty and is doing so freely and voluntarily.

_____     Date: 10/6/2014
Debra L. Barnett
Assistant United States Attorney
United States Attorney's Office
301 N. Main, Suite 1200
Wichita, Kansas 67202
316-269-6481
K.S.Ct.No. 12729
debra.barnett@usdoj.gov


 s/ Jared Maag     Date:_____
Jared Maag
Criminal Supervisor

S/AUSA Debra Barnett for     Date: 10/6/2014
_____
Barry R. Grissom
United States Attorney
500 State Ave., Suite 360
Kansas City, KS 66101
Tele: (913) 551-6730
Fax:  (913) 551-6541
barry.grissom@usdoj.gov
Ks. S. Ct. No. 10866


_____     Date: 10-6-14
JonEarl Smith
Defendant


_____     Date: 10-6-14
Timothy Henry
Counsel for Defendant
Assistant Federal Public Defender
Federal Public Defender's Office
301 S. Main, Suite 850
Wichita, Kansas 67202

8