```
 1              IN THE UNITED STATES DISTRICT COURT
                       DISTRICT OF KANSAS
 2

 3  THE UNITED STATES OF AMERICA,

 4              Plaintiff,

 5       vs.                        District Court
                                    Case Number
 6  JONEARL SMITH,                  14-10137-01-JTM
                                    07-10142-04-JTM
 7              Defendant.          06-10237-01-JTM

 8

                    TRANSCRIPT OF PROCEEDINGS
 9

          On the 2nd day of March, 2015 at 10:30 a.m. came
10  on to be heard in the SENTENCING HEARING in the
    above-entitled and numbered cause before the
11  HONORABLE J. THOMAS MARTEN, Judge of the United States
    District Court for the District of Kansas, Sitting in
12  Wichita.
          Proceedings recorded by mechanical stenography.
13        Transcript produced by computer.

14

15  APPEARANCES

16        The Plaintiff appeared by and through:
          Ms. Debra L. Barnett
17        United States Attorney's Office
          301 N. Main, Suite 1200
18        Wichita, Kansas 67202

19        The Defendant appeared in person, by and through:
          Mr. Timothy Henry
20        Federal Public Defender's Office
          301 N. Main, Suite 850
21        Wichita, KS 67202

22

23

24

25
```

1        (The following proceedings commenced at 10:30 a.m.

2        and were requested transcribed:)

3        THE COURT:  Good morning, folks.  We are here on

4   three matters today, all involving the same defendant,

5   Jonearl Smith.

6        The first is Case Number 14-10137-01, United

7   States of America versus Jonearl Smith, that's here for

8   sentencing; second is Case Number 06-10237-01, United

9   States of America versus Jonearl Smith; and, finally,

10  Case Number 07-10142-04, United States of America versus

11  Jonearl B. Smith.

12       You can keep your seats, but if you would note

13  your appearances for the record, please.

14       MS. BARNETT:  Debra L Barnett, Assistant United

15  States Attorney appearing on behalf of the United States

16  of America in both matters.

17       THE COURT:  Thank you.

18       MR. HENRY:  Timothy Henry, Assistant Federal

19  Defender on behalf of Jonearl Smith who appears in person

20  for all three matters.

21       THE COURT:  Thank you, Mr. Henry.

22       And, again, Mr. Smith.

23       THE DEFENDANT:  Good morning.

24       THE COURT:  Well, as I note, we have sentencing

25  in Case Number 14-10137 and revocation hearings in the 06

USA v. SMITH      SENTENCING      03/02/2015      3

1  and the 07 cases.

2       I would like to go ahead and start with 14-10137,

3  which is the brandishing of the firearm in furtherance of

4  a crime of violence, it is Count 1 of the indictment,

5  violation of 18 U.S.C., Section 924 (c)(1)(A), and

6  (c)(1)(A)(2).

7       Are there any preliminary matters from the

8  Government?

9       MS. BARNETT:  No, Your Honor.

10      THE COURT:  Mr. Henry, from Mr. Smith?

11      MR. HENRY:  No, Your Honor.

12      THE COURT:  Well, I note that Mr. Smith appeared

13  here on October 6th of 2014.  He pleaded guilty to one

14  count of brandishing a firearm in furtherance of a crime

15  of violence, pursuant to a Rule 11(c)(1)(C) plea

16  agreement.

17      I accepted the plea of guilty, found him guilty,

18  and ordered preparation of a presentence report,

19  deferring a decision on whether to accept the plea

20  agreement or not until after I had had a chance to review

21  the report.

22      It appears the parties have received copies of the

23  report.  There were no objections from either party.

24      Mr. Henry, you have reviewed the presentence

25  report with Mr. Smith?

USA v. SMITH        SENTENCING        03/02/2015        4

1              MR. HENRY:  I have.

2              THE COURT:  Mr. Smith, you've reviewed the

3  presentence report with Mr. Henry?

4              THE DEFENDANT:  Yes, sir.

5              THE COURT:  Have you been satisfied with his

6  representation of you in this case?

7              THE DEFENDANT:  Yes, sir.

8              THE COURT:  All right.  Well, the Court's

9  required to impose a sentence that is sufficient but not

10  greater than necessary to comply with the purposes of

11  sentencing identified in 18 U.S.C., Section 3553(a)(2).

12  In determining what that sentence will be I have

13  considered the sentencing guidelines, which promote

14  uniformity in sentencing and assists the court in

15  determining an appropriate sentence by weighing the basic

16  nature of the offense, as well as aggravating and

17  mitigating factors.

18          As I noted, the parties have entered into a plea

19  agreement in this case pursuant to Rule 11(c)(1)(C) of

20  the Federal Rules of Criminal Procedure.  I have

21  considered the plea agreement, the statements of the

22  parties, the presentence report, and also a series of

23  letters that I received from various people on behalf of

24  Mr. Smith.

25          After reviewing the presentence report I am

USA v. SMITH     SENTENCING     03/02/2015     5

1   finding that the guidelines range of 262 to 327 months is

2   correctly calculated based upon the career offender

3   guideline, which is U.S. Sentencing Guideline Section

4   4B1.1.

5        The offense involves Mr. Smith brandishing a

6   firearm on July 12th, 2014 in Wichita, Kansas just a few

7   months after commencing supervised release.

8        Having considered these factors and the sentencing

9   guidelines, the nature and circumstances of the offense,

10  and Mr. Smith's history and characteristics I am

11  accepting the plea agreement and am sentencing you,

12  Mr. Smith, to a term of 120 months imprisonment, to be

13  followed by five years of supervised release, both of

14  which accord with the plea agreement in this case.

15       I believe the sentence is sufficient but not

16  greater than necessary to reflect the seriousness of the

17  offense, to promote respect for the law, to provide just

18  punishment for the offense, all as set out in 18 U.S.C.

19  Section 3553(a)(2)(A).

20       Further, the sentence should afford deterrence to

21  criminal conduct and protect the public from further

22  crimes committed by Mr. Smith, in accordance with 18

23  U.S.C., Section 3553(a)(2)(B) and (C).

24       The supervised release term, in addition to the

25  imprisonment sentence, will allow Mr. Smith the

1    opportunity to receive correctional treatment in an

2    effective manner, and will assist with community

3    reintegration in accordance with 18 U.S.C., Section

4    3553(a)(2)(D).

5        Mr. Smith will pay a special assessment of $100 to

6    the Crime Victims Fund.  There will not be a fine, based

7    upon Mr. Smith's financial condition.

8        Forfeiture of the Izhmash, model Saiga -- Saiga

9    7.62x39 caliber rifle, Serial Number H0910026, the Smith

10   and Wesson, model 4013 TSW .40 caliber handgun, Serial

11   Number TDM0037, and six rounds of .40 caliber ammunition

12   are ordered forfeited in this case.

13       I do intend to impose the mandatory and special

14   conditions of supervision set out in detail in Part D of

15   the presentence report.

16       I note that the mandatory conditions for drug

17   testing and DNA collection are required by statute.

18       Mr. Smith, you are prohibited by law from

19   purchasing or possessing a firearm, which includes

20   ammunition, as a result of your conviction.  The

21   prohibition against possessing or purchasing a

22   destructive device or other dangerous weapon is warranted

23   based upon officer safety.

24       The nature of the offense and the history outlined

25   in the presentence report warrant the conditions for

USA v. SMITH    SENTENCING    03/02/2015    7

1  substance abuse treatment, participation in a cognitive

2  behavioral program, allowing searches of your person and

3  property, and a prohibition from participating in gang

4  activities and affiliating in anyway with any gang

5  members.

6       You are presently in custody and voluntary

7  surrender is not appropriate.

8       I would note, just as we look ahead to the

9  revocation hearings, if in fact I find at the end of the

10  hearing that you have violated the terms of your release

11  and, frankly, I think I can do that simply by taking

12  judicial notice of your conviction in this case, you are

13  looking at those revocation sentences, I intend to run

14  them concurrently but they, by law, must be run

15  consecutive to this 120-month sentence in this case.

16       So what's the position of the Government on

17  sentencing, Ms. Barnett?

18       MS. BARNETT:  I thank the Court for following

19  the plea agreement and I accept the Court's proposed

20  sentence.

21       THE COURT:  Thank you.

22  Mr. Henry.

23       MR. HENRY:  We have no objection, Your Honor.

24       Thank you for following the plea agreement in this

25  case.

USA v. SMITH      SENTENCING      03/02/2015      8

```
1              THE COURT:  Mr. Smith, is there anything you
2   would like to say in this case before I impose sentence?
3              MR. HENRY:  He does have something to say.  He
4   has written it out, Your Honor.
5              Do you want to maybe wait until the revocation
6   hearing since this is kind of a fait accompli?
7              THE COURT:  That's fine.
8              MR. HENRY:  Okay.
9              THE COURT:  That's just fine.
10             Or you can do it now, Mr. Smith, whatever your
11  preference would be.
12             THE DEFENDANT:  I really -- ust wanted to say
13  that, um, since my arrest in this incident it's been
14  difficult for my probation officer knowing some of the
15  things that I was going through, my wife was pregnant and
16  lost our child.  She has since been diagnosed with
17  cancer.
18             I have a strained relationship with my mother as
19  well because I lost my father last time and she kind of
20  feel like she won't be around this time when I get out.
21  And basically I'm accepting responsibility for being in
22  the wrong place at the wrong time on this incident but, I
23  mean, I'm not a total bad person, man.
24             THE COURT:  Nobody ever said you were,
25  Mr. Smith.
```

USA v. SMITH     SENTENCING     03/02/2015     9

1          THE DEFENDANT:  Right.  And I just I didn't want

2  you to just look at the PSI and take that as that's all

3  that I have on offer.  Because I am a better person than

4  the PSI states and that's just what I wanted to run that

5  past you.

6          THE COURT:  Thank you.

7          THE DEFENDANT:  Appreciate you.

8          THE COURT:  Well, Mr. Smith, I remember you

9  quite well from the trial some years ago when Mr. Bennett

10  represented you in the RICO trial and I gave you

11  something of a break in sentencing, and the Government

12  really didn't oppose it at that time, and so it really is

13  disappointing to see that within months of being out on

14  supervised release that you were out running with folks

15  you shouldn't have been with and having firearms around

16  you when you should have been nowhere near any of them.

17          And whatever one's situation, there are ways of

18  avoiding trouble and why you didn't, I'm never really

19  going to understand.  I would have thought that many

20  years in would have made some kind of an impression.

21          But, Mr. Smith, there's nobody giving up on you

22  yet.  I mean, this is a good, long period of time but,

23  you know, this plea agreement saved you well over an

24  additional ten years that you would have had to serve if

25  you had been convicted of this offense without this plea

USA v. SMITH      SENTENCING      03/02/2015      10

1  agreement, so there is still people who are looking out

2  for you, not only Mr. Henry, but certainly Ms. Barnett.

3  And I am, by accepting this plea agreement, saying that

4  there is so much of you out there that is worth still

5  trying to fan the flames.

6       Your mother's letter talked about the fact that

7  you never had a chance to do vocational training while

8  you were inside.  Well, one recommendation that I'm going

9  to make is that you be sent to a facility as close to

10 Wichita as possible but which is going to afford you the

11 opportunity to get vocational training.

12      I mean, I have got to tell you that whole thing of

13 being close to your family is a two-edged sword for me

14 because your family hasn't had too much influence over

15 how your life has gone and I am not sure that getting you

16 clear away might not be in your best interests but I

17 think it's harder, too, when you don't have any support,

18 whatever kind it is, that is close.

19      So I am recommending to the Bureau that you be

20 incarcerated as close to Wichita as possible but in a

21 facility where you have the opportunity to obtain some

22 vocational training, as well as going through any

23 substance abuse programs that are available to you

24 because you've obviously had a problem with that from

25 time to time.

1        If you'll stand, I am going to impose sentence in

2   this case.

3        I am determining that the Presentence

4   Investigation Report and the previously stated findings

5   are accurate and those findings are to be incorporated in

6   the following sentence:

7        Mr. Smith, I am sentencing you to Bureau of

8   Prisons' custody for a term of 120 months on Count 1 of

9   the information.  The term of imprisonment will be

10  followed by five years of supervised release.

11       Within 72 hours of your release from the custody

12  of the Bureau of Prisons you are to report to the U.S.

13  Probation Office in the district to which you're

14  released.

15       While you're on supervised release you're not to

16  commit another federal, state, or local crime.

17       You are to comply with the standard conditions

18  that have been adopted by this district, as well as the

19  mandatory and special conditions that are set out in

20  detail in Part D of the presentence report and which I

21  have touched on.

22       You are ordered to pay to the U.S. a $100 special

23  assessment to the Crime Victims Fund pursuant to 18

24  U.S.C., Section 3013.  Payment of the assessment is due

25  immediately and it may be satisfied while you're in

USA v. SMITH       SENTENCING      03/02/2015      12

```
1  Bureau of Prisons' custody.
2        Fine is waived.
3        Forfeiture of the two firearms and the six rounds
4  of ammunition described in the forfeiture allegation in
5  the information is ordered.
6        You can have a seat now, Mr. Smith.
7        You have waived your right to appeal in this case
8  as part of your plea agreement so I don't need to give
9  you any further information.
10       And of course, Ms. Barnett, the Government is
11 aware of its right.
12       You are remanded to the custody of the marshal's
13 service pending designation by the Federal Bureau of
14 Prisons.
15       Is the Government now moving on dismiss Counts 1,
16 2, and 3 of the indictment?
17         MS. BARNETT:  Yes, Your Honor, I so move.
18         THE COURT:  Any objection, Mr. Henry?
19         MR. HENRY:  No, Your Honor.  Thank you.
20         THE COURT:  Well, you're welcome.
21       Counts 1, 2, and 3 of the indictment are hereby
22 dismissed.
23       All right.  Let's go on now to -- and perhaps we
24 can take these together since they are both based on the
25 same conduct, Case Number 06-10237-01, and Case Number
```

1  07-10142-04.

2          You understand, Mr. Smith, that it has been

3  claimed that you have violated the terms of your

4  supervised release in each of those two cases?

5          THE DEFENDANT:  Yes, sir.

6          THE COURT:  And do you understand that the

7  claimed violation is that you violated the mandatory

8  condition that you not commit another federal, state, or

9  local crime?

10          THE DEFENDANT:  Yes, sir.

11          THE COURT:  And you understand that by pleading

12  guilty to brandishing a firearm in furtherance of a crime

13  of violence in the case that we just did your sentencing

14  on, you essentially have admitted that you violated that

15  term of your release?

16          THE DEFENDANT:  Yes, sir.

17          THE COURT:  All right.  Do you intend to admit

18  the violations here today in these cases?

19          THE DEFENDANT:  Yes, sir.

20          THE COURT:  And have you discussed these claimed

21  violations with Mr. Henry?

22          THE DEFENDANT:  Yes, sir, I have.

23          THE COURT:  And, Mr. Henry, has Mr. Smith told

24  you that he intends to plead guilty or to admit these

25  violations?

USA v. SMITH    SENTENCING    03/02/2015    14

1            MR. HENRY:  Yes, Your Honor.

2            THE COURT:  Mr. Smith, have any force, threats,

3    or promises been made to you to induce you to admit the

4    violations here today?

5            THE DEFENDANT:  No, sir.

6            THE COURT:  Then with respect to each of these

7    two cases, do you recall the mandatory condition that you

8    not commit another federal, state, or local crime?

9            THE DEFENDANT:  Yes, sir.

10            THE COURT:  You understand it's claimed that on

11    October 6th of 2014 you pleaded guilty to one count of

12    brandishing a firearm in furtherance of a crime of

13    violence in United States District Court Case 14 CR

14    10137?

15            THE DEFENDANT:  Yes, sir.

16            THE COURT:  Do you have any questions about

17    either the condition or the claimed violation?

18            THE DEFENDANT:  No, sir.

19            THE COURT:  Do you admit the violation in each

20    of the two cases?

21            THE DEFENDANT:  Yes, sir.

22            THE COURT:  All right.

23        Well, Mr. Smith, in each of these two cases, based

24    upon your admissions, as well as the record in Case

25    Number 14-10137, I intend to find that you have violated

USA v. SMITH       SENTENCING       03/02/2015       15

1   your supervised release and to revoke that term.

2        I also intend to make the following findings and

3   impose the following sentence with respect to these two

4   cases:

5        In the 06 case, the highest grade of violation is

6   an A, Criminal History Category of IV; in the 07 case the

7   highest grade of violation is an A, the Criminal History

8   Category is a IV.

9        I have considered the nature and circumstances of

10  the violations, your characteristics, and the sentencing

11  objectives required by statute; I've also considered the

12  advisory nonbinding Chapter 7 policy statements issued by

13  the Sentencing Commission in both cases.  I intend to

14  revoke your release in both cases and to sentence you to

15  30 months in confinement on Counts 1 and 2 in Case Number

16  06-10237; and to 24 months confinement on Count 3 in that

17  same case, all of those counts to run concurrently and

18  not consecutively.

19       With respect to Case Number 07 -- the 07 case, I

20  intend to sentence you to a term of 30 months on Count 2,

21  and 30 months in confinement on Count 28, again those

22  terms to run concurrently and not consecutively.

23       Further, the sentences that I have just announced

24  in the 06 case and the 07 case are all to run

25  concurrently with each other but to run consecutively

USA v. SMITH      SENTENCING      03/02/2015      16

1  with the sentence that I impose in Case Number 14-10137.

2       In other words, you are receiving, for all intents

3  and purposes, a total sentence of 150 months.

4       There will be no term of supervised release

5  imposed in cases -- or in the 06 and the 07 case, but you

6  will have the five year supervised release imposed in the

7  2014 case.

8       You do not have any unsatisfied conditions of

9  supervision in either 06-10237 or 07-10142-04 and once

10  again, as in the 2014 case, I don't intend to allow you

11  to voluntarily surrender so you will remain in marshal's

12  custody.

13       Position of the Government on sentence?

14       MS. BARNETT:  I have no objection to that, Your

15  Honor.

16       Thank you.

17       THE COURT:  Thank you.

18       Mr. Henry?

19       MR. HENRY:  Your Honor, I was going to argue for

20  a lower sentence on the probation violation cases but no

21  legal objection on the Court's findings.

22       THE COURT:  Thank you.

23       Mr. Smith, is there anything you wish to say

24  before I impose sentence?

25       THE DEFENDANT:  No, sir.

1            THE COURT:  All right.  If you'll stand.

2            MR. HENRY:  Your Honor, would I be able, though,

3   to make argument?

4            THE COURT:  Well, I just asked you, Mr. Henry, I

5   thought that's what you said you were going to do but

6   then you didn't say anything.

7            MR. HENRY:  Oh, I'm sorry, Your Honor.  I said

8   no -- I apologize for the mix up.

9         Obviously, there is no legal objections because

10  the Court's findings are clearly within the policy

11  statement ranges and the policy statements are, you know,

12  were nonbinding before the guidelines were nonbinding.

13        I do want to argue on behalf of Jonearl, Your

14  Honor.  The -- in the ten year case that the Court has

15  followed the deal in, that case was a seven to life case

16  and we reached an agreement to ten years, essentially

17  what would be normally the mandatory minimum in somebody

18  who discharges.  My client was driver of a vehicle and

19  the evidence reflected that there was somebody in the

20  back seat that got out and actually did the shooting from

21  what appeared to be some type of a semi-automatic rifle.

22        That is mandatorily consecutive and the way that

23  sentencing under 3584, the present supervised release

24  violation matters, because the 924(c) can't run

25  concurrently with anything, that essentially the time

USA v. SMITH    SENTENCING    03/02/2015    18

1  that he has served from July 14th of last summer to today

2  is going to be assessed against -- the way I read it, the

3  PV cases and his ten year case will be consecutive, once

4  his PV time is completed.  And the Court is not able to

5  retroactively run, you know, certain matters concurrently

6  when there is 924(c).

7        What I was going to ask the Court to do in this

8  case, and this is after reading the letters that were

9  provided to the Court, and one I thought was telling was

10  Mikayla [ph] King's letter, longtime friend of Jonearl's,

11  and she talks about how he is also calm and that even

12  though he doesn't make the best decisions in life, he has

13  to learn that he can't help everyone.

14        And when I look at his sister's comments, DeeDee

15  Smith who said that, you know, he's a good person but

16  needed to fit in.  I can't help but think that past of

17  John's makeup may have been developed early on when his

18  parents split up at an early age and then he was raised

19  by his mom and then he was sent to live with his dad at

20  age 15 and that transition may not have occurred -- or

21  went too well, and that's when Jonearl went to the

22  streets, I think, and became involved in gang life.

23        You know, there is no doubt that both his parents

24  are hard working individuals.  Mom still works at Via

25  Christi as a dietician; his father worked for 36 years at

USA v. SMITH    SENTENCING    03/02/2015    19

1  Boeing before retiring, and of course he recently passed

2  away due to colon cancer.

3      I think even the Government may agree with this

4  comment but, you know, John is not an alpha male, he is a

5  follower, he is not a leader, and he, in my opinion,

6  after I looked at all the family letters and friends of

7  the families, is that John has trouble saying no to

8  people.  He's very good with people when they ask him for

9  help and he is more than happy to help but,

10  unfortunately, because of the other side of his life, his

11  other family life, I guess, whatever you call it, he has

12  been unable to say no in those circumstances and it got

13  him into trouble.

14      But, Your Honor, I am asking the Court to consider

15  the -- the -- a sentence that would run the two

16  supervised release cases concurrently but that

17  essentially those would be for the past seven and a half

18  to approximately eight months that he has been in

19  custody, that that time be essentially a time served

20  sentence, concurrently to where today the ten years on

21  the 924(c) case starts.

22      I know that is contrary to the Court's tentative

23  findings but this is a case in which I think John even

24  kind of I think he shorted himself, Your Honor.

25      I was given this letter by the marshals this

USA v. SMITH      SENTENCING      03/02/2015      20

1  morning, essentially this is what he had written out and

2  he just summarized it for the Court, and I think that

3  there are some things that need to be touched upon.

4  These are his words that he didn't say earlier.

5       I'm 36 years old.  I spent the majority of the

6  past 20 years of my life incarcerated.  I do not want to

7  be lost in the cycle forever.  I want to live a normal

8  life as opposed to being institutionalized.

9       Due to the way my life was shaped during my youth

10 I am in a box that I fight internally to get out of every

11 single day.  I have something to offer.  I have

12 purpose -- I have a purpose greater than prison.  Not

13 only with my new child or my family, but I have so much

14 to offer anyone I have the chance to come in contact

15 with.

16      I can honestly tell you that I am going through a

17 lot personally.  I just want the chance to -- the chance

18 to provide for my family, to enjoy life without being

19 monitored, to be productive in society instead of a

20 continuous statistic of recidivism.

21      I am embarrassed to be in front of you again with

22 a new set of allegations.  I cannot change my past but I

23 want to change my future.

24      And then he goes on to some of the comments that

25 he had already made.

USA v. SMITH      SENTENCING      03/02/2015      21

1          Your Honor, this case was continued twice for

2    sentencing because he wanted to attain his high school

3    diploma.  I have been in touch with Mr. Stamper who runs

4    Encore, the high school equivalency diploma program at

5    the Butler County Jail, and the extra time did allow him

6    to get all the computer screen time to get his

7    standardized testings done.

8          John told me this morning that Mr. Stamper looked

9    at his last test, he thinks he has maybe one more to do

10   but Mr. Stamper has informed him based upon his last

11   standardized test, just looking at the answers, that he's

12   clearly passed and will get his degree -- or his diploma,

13   so that is good.

14         I know he has until, you know, I don't know how

15   many days to be at Butler but he still may get to have

16   one more day to be able to finish up the last part but

17   according to Mr. Stamper, it appears as if he will get

18   that diploma.  So that is something that Jonearl has been

19   seeking and I think that he does thank the Court for the

20   extra time that the Court gave in allowing him to attain

21   this diploma and I think he is thankful to the Government

22   for offering him something that is going to give him his

23   life back.

24         I don't know how much beyond ten years is

25   necessary in this case, Your Honor, and that's why I

USA v. SMITH     SENTENCING     03/02/2015     22

1   requested a sentence of time served on his two supervised

2   release cases, so that the ten years would start today.

3          Thank you.

4          THE COURT:  Thank you.

5          Mr. Smith, is there anything else that you would

6   like to say?

7          THE DEFENDANT:  No, sir.

8          THE COURT:  All right.  Mr. Smith, based upon

9   both in Case Number 06-10237 and Case Number 07-10142-04

10  violation reports, the evidence, and the previously

11  stated findings, I am determining that you have violated

12  the terms of your supervised release imposed on July 2nd

13  of 2007.  I am determining that that term of supervised

14  release is revoked.

15         It is the judgment of the Court -- Mr. Smith, I

16  have struggled with this.  I can't tell you how pleased I

17  am that you are just a hair's breadth away from getting

18  your GED and that tells me a lot.

19         I am not willing to go as far as what Mr. Henry is

20  requesting, of essentially a time served sentence in this

21  case, both in 07-10142-04 and 06-10237, but I'll tell you

22  what I am willing to do is to sentence you on each of the

23  counts in both cases to 12 months and one day, all of

24  those terms to run concurrent with each other, and

25  consecutive to the sentence in Case Number 14-10137.

USA v. SMITH     SENTENCING     03/02/2015     23

1    That means you qualify for good time on the

2    12-month, one day portion of your sentence, so you may

3    have three months or so left to go on that giving you

4    credit, as I say, for time served and going back to when

5    you were arrested on these charges.

6    So, again, 12 months and one day on Counts 1 and 2

7    in Case Number 06-10237; 12 months and one day on Count 3

8    in that same case.  All those sentences to run continue

9    currently.

10    In case 07-10142-04, 12 months and one day on

11    Count 2 and on Count 28, those two terms to run

12    concurrently.  And the terms in Case Number 07-10142-04

13    are to run concurrently with the terms in -- or the

14    sentences in Case 06-10237.  So 12 months and one day all

15    totalled on all of those charges.

16    They will run consecutive to the 120-month

17    sentence in Case Number 14 CR 10137.

18    There will be a five year term of supervised

19    release, as I've noted, in Case Number 14-10137 but there

20    is no term of supervised release in Case Number 06-10237

21    and Case Number 07-10142-04.

22    You can have a seat now.

23    You do have a right to appeal these sentences

24    subject to the provisions of 18 U.S.C., Section 3742.

25    Further, pursuant to Rule 32(j) of the Federal Rules of

USA v. SMITH        SENTENCING    03/02/2015    24

1  Criminal Procedure you have the right to appeal the

2  sentence and if you are unable to pay the costs of an

3  appeal, you may apply for leave to appeal in forma

4  pauperis.

5        If you so request, the Clerk of the Court will

6  prepare and file a notice of appeal on your behalf.

7        Mr. Smith, nobody here wants you to be a

8  recidivist statistic, either and I fully expect some time

9  down the road to cross paths with you again and to find

10 that you have actually worked toward and achieved some of

11 the things that you have talked about in the letter that

12 Mr. Henry read from today.

13       You've put yourself back here today.  Nobody hates

14 that more than I do.  And as I think I have told you

15 previously, there is nobody in this room that does not

16 want to see you succeed, and not just to succeed but to

17 succeed extraordinarily and I think you're smart enough

18 to do that.

19       I think Mr. Henry is right.  You're not an alpha

20 in terms of leading the group, and I think that you do

21 want to please people and that you want to do what you

22 may feel is not in their best interests but you don't

23 want them to do it alone.  And that's something that I

24 think you can work on, I hope, while you're incarcerated

25 and I hope you come out with a little different outlook

USA v. SMITH     SENTENCING     03/02/2015     25

1  on things.

2       You know, at 36, which is I think what your age is

3  now, you're still going to be young when you get out and

4  you have got a chance to put a life together and whether

5  you choose to do that or not is entirely in your hands.

6       I have got faith in you.  I think everybody here

7  has faith in you.  Or nobody would have been willing to

8  give you the kind of break that you probably don't

9  deserve but that everybody wants to see you take

10  advantage of over the next several years.

11       Ms. Barnett, anything further from the Government?

12       MS. BARNETT:  No, Your Honor.

13       THE COURT:  Okay.

14       Mr. Henry, anything further?

15       MR. HENRY:  We were just going to request an El

16  Reno designation, it's medium security, we don't know if

17  he will get that, but it is close to Wichita.

18       THE COURT:  I will make that recommendation to

19  the Bureau.

20       Thank you.

21       MR. HENRY:  Thank you, Your Honor, nothing

22  further.

23       THE COURT:  All right.

24       Well, that will conclude this matter.

25       Mr. Smith, good luck to you.

USA v. SMITH    SENTENCING    03/02/2015    26

1          THE DEFENDANT:  Thank you.

2          THE COURT:  You're welcome.

3          (Proceedings conclude at 11:05 a.m.)

4     *******************************************

5               C E R T I F I C A T E

6          I, Jana L. McKinney, United States Court

7     Reporter in and for the District of Kansas, do hereby

8     certify:

9          That the above and foregoing proceedings were

10    taken by me at said time and place in stenotype;

11         That thereafter said proceedings were

12    transcribed under my discretion and supervision by means

13    of transcription, and that the above and foregoing

14    constitutes a full, true and correct transcript of

15    requested proceedings;

16         That I am a disinterested person to the said

17    action.

18         IN WITNESS WHEREOF, I hereto set my hand on

19    this, the 24th day of February, 2020.

20

21              s/ Jana L. McKinney
                Jana L. McKinney, RPR, CRR, RMR
22              United States Court Reporter

23

24

25

Jana L. McKinney, CSR, RPR, CRR, RMR
United States Court Reporter
PH. (316) 315-4268

<pre>
 1                     I N D E X
                                              PAGE
 2

 3
     REPORTER'S CERTIFICATE                      26
 4

 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
</pre>