IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
       Plaintiff,

v.                               Case No. 14-10173-JTM

JONEARL SMITH,
       Defendant.

**MEMORANDUM AND ORDER**

Before the court is defendant JonEarl Smith's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Dkt. 36) and its various supplements. (Dkts. 38, 39, 41, 42, 52). Smith was indicted on July 23, 2014 on one count of possession of a firearm in furtherance of a crime of violence under 18 U.S.C. § 924(c) and two counts of possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g). On October 6, 2014, pursuant to the terms of a Fed. R. Crim. P. 11(c)(1)(C) plea agreement, Smith entered a Petition to Enter Plea of Guilty and Order Entering Plea (Dkt. 19) and Plea Agreement (Dkt. 21), along with a Waiver of Indictment. (Dkt. 18). At the same time, the United States filed an Information (Dkt. 17) which amended defendant's charges to a single count of brandishing a firearm in furtherance of a crime of violence under U.S.C. § 924(c). Smith was sentenced on March 2, 2015, pursuant to the plea agreement, to a term of 120 months in prison on count 1 of the Information followed by five years of supervised release. (Dkt. 28, 29). Smith's Motion to Vacate argues that his conviction for brandishing a firearm in furtherance of a crime of violence is either constitutionally invalid or invalid due to his

actual innocence, and that his guilty plea should be set aside due to ineffective assistance of counsel. The United States opposes Smith's Motion.

Count 1 of the Information, to which Smith pled guilty, alleged that on or about July 12, 2014, Smith knowingly possessed a firearm "in furtherance of a crime of violence for which the defendant may be prosecuted in a court of the United states, and the defendant brandished the firearm(s) in violation of Title 18, United States Code, Section 924(c)(1)." (Dkt. 17). Smith contends that notwithstanding his guilty plea, his § 924(c) conviction was invalid because there was no "predicate crime of violence" for which he was charged or convicted; that "brandishing" itself cannot be the predicate crime of violence; and that the Supreme Court's decision in *United States v. Davis*, 139 S.Ct. 2139, 2336 (2019) invalidates his conviction. In *Davis*, the Court found the "residual" clause of 18 U.S.C. § 924(c)(3)(B) to be unconstitutionally vague. Post-*Davis*, an offense must be a felony having as an element "the use, attempted use, or threatened use of physical force against the person or property of another" in order to qualify as a "crime of violence" under § 924(c)(1).

Smith argues that his § 924(c) conviction must have been reliant upon "brandishing" as the crime of violence, rather than a separate and distinct criminal offense, because no other crimes were charged in the initial Indictment or the Information. Smith relies upon the statement in his Plea Agreement (Dkt. 21, p. 2) that "defendant … understands the act of brandishing the gun(s) at other people, constituted a crime of violence for which the defendant could be prosecuted in a court of the United States" to support his argument that both the United States and the court relied upon

2

"brandishing" to furnish the underlying crime of violence for his § 924(c) conviction. The court declines to read that statement in the limiting fashion that Smith suggests.

While a § 924(c) conviction does require that a predicate offense exist, it "does not require a conviction of the crime of violence as a predicate offense." *United States v. Haywood*, 363 F.3d 200, 211 (3d Cir. 2004) (citing *United States v. Lake*, 150 F.3d at 275). "A valid § 924(c) conviction 'requires only that the defendant have committed a violent crime *for which he may be prosecuted* in federal court. It does not even require that the crime be charged; *a fortiori*, it does not require that he be convicted." *Id.* (quoting *United States v. Smith*, 182 F.3d 452, 457 (6th Cir. 1999)) (emphasis in original). It is consequently immaterial whether Smith was actually charged with or convicted of a separate crime of violence, so long as the evidence demonstrates that Smith committed a violent crime for which he *may* have been prosecuted in federal court. *See United States v. Gregg*, 2005 DSD 12, para. 6-7 (D.S.D. July 7, 2005) (collecting cases).

Even though Smith was neither charged with nor convicted of a separate crime of violence, his admissions in the Plea Agreement and Petition to Enter Guilty Plea establish that he was involved in conduct at the time of the offense in question that constituted a felony for which he could have been charged in federal court. That conduct carried with it as an element the use, attempted use, or threatened use of physical force against another person such that it would have qualified as a crime of violence under § 924(c)(3)(A)'s elements clause, rather than the now-invalid residual clause of § 924(c)(3)(B). *See United States v. Lake,* 150 F.3d 269, 274-75 (3d Cir. 1988) ("In a prosecution under [§ 924(c)] the government must prove that the defendant committed a qualifying predicate offense …

but it is not necessary that the defendant be separately charged with or convicted of such

an offense." (citations omitted)).

Smith's Petition to Enter Guilty Plea contained the following statement:

> I represent to the Court that I did the following acts in connection with the charges made against me in Count 1 of the Information, to wit: On or about July 12, 2014, in the District of Kansas, *I did knowingly brandish a firearm … in furtherance of a crime of violence for which the defendant may be prosecuted in a court of the United States*, in violation of 18 U.S.C. § 924(c).

(Dkt. 19, para. 5) (emphasis added). The Plea Agreement set forth the factual basis for the

original Indictment:

> Only July 12, 2014, the defendant, JonEarl Smith *was driving a car that was involved in a shooting incident* in Wichita, Kansas. *The defendant admits that he drove his car and brandished a firearm at others, who were later identified as gang members*.
>
> The defendant admits that he was eventually stopped in the car by the Wichita Police Department. Two guns were found in the defendant's car in the front passenger floorboard. *One of these two guns was the gun brandished by the defendant, while the second firearm was pointed at the gang members during the shooting incident*.
>
> …. The defendant further admits that he knew the guns were in his car, and that he knowingly engaged in these actions.
>
> The defendant would advise the Court that he understands the act of brandishing the gun(s) at other people, constituted a crime of violence for which the defendant could be prosecuted in a court of the United States. In addition, the defendant would advise the court that he has reviewed the evidence in the case and learned that the two previously mentioned guns are firearms as defined in Title 18, United States Code, Section 921(a)(3).

(Dkt. 21, p. 2) (emphasis added). During the Change of Plea hearing, Smith confirmed to

the court that the statements contained within the factual basis of the Plea Agreement

were correct, and that those facts established his guilt of the offense for which he was

charged. (Transcript, Dkt. 48, p. 18-20).

As the United States points out, Smith's admissions demonstrate that he engaged in conduct constituting a crime of violence for which he could have been prosecuted in federal court – specifically assault with a dangerous weapon in aid of racketeering activity in violation of 18 U.S.C. § 1959(a)(3):

> (a) Whoever, as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value from an enterprise engaged in racketeering activity, or for the purpose of gaining entrance to or maintaining or increasing position in an enterprise engaged in racketeering activity, murders, kidnaps, maims, assaults with a dangerous weapon, commits assault resulting in serious bodily injury upon, or threatens to commit a crime of violence against any individual in violation of the laws of any State or the United States, or attempts or conspires so to do, shall be punished—
>
> …
>
> (3) for assault with a dangerous weapon or assault resulting in serious bodily injury, by imprisonment for not more than twenty years or a fine under this title, or both ….

Assault with a dangerous weapon in aid of racketeering qualifies as a crime of violence under Section 924(c)(3)(A)'s elements clause. *See United States v. Mills*, 378 F.Supp.3d 563, 582 (E.D. Mich. 2019); *Davis v. United States*, __ F.Supp.3d __, 2019 WL 7205915 at *3 (E.D. Va. 2019); *United States v. Cousins*, 198 F.Supp.3d 621, 627 (E.D. Va. 2016).

The court consequently finds that Smith's § 924(c) conviction is valid despite the fact that Smith was neither charged with, nor convicted of, a separate crime of violence. Similarly, the court finds no basis to set aside the Indictment or Information which charged defendant with a violation of § 924(c), because both of those documents adequately informed defendant of the offense for which he was charged and fully set forth all necessary elements of the offense for which defendant was prosecuted. *See* Fed.

R. Crim. P. 7(c)(1); *Hamling v. United States*, 418 U.S. 87, 117 (1974) (finding that an indictment can set forth an offense in the words of the statute, so long as those words set forth all elements necessary to constitute the charged crime); *Horne v. United States*, 2018 WL 1378976 at *3 (S.D. Ill. 2018) (specifying that the government need not name the predicate crime in the indictment in order to charge a defendant under § 924(c)). Having determined that there is no constitutional or procedural basis to set aside Smith's § 924(c) conviction, the court turns to the question of whether Smith's guilty plea should be set aside due to ineffective assistance of counsel.

To determine whether counsel's performance was so ineffective that reversal of his guilty plea is required, Smith must show that his counsel's performance was "deficient, and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 686-88, 104 S.Ct. 2052 (1984). "Deficiency" in this sense means that counsel's representation "fell below an objective standard of reasonableness." *Padilla v. Kentucky*, 599 U.S. 356, 366 (2010) (citing *Strickland*, 466 U.S. at 688); *see also Strickland*, 466 U.S. at 68 ("a guilty plea cannot be attacked as based on inadequate legal advice unless counsel was not 'a reasonably competent attorney' and the advice was not 'within the range of competence demanded of attorneys in criminal cases.'" (quoting *McMann v. Richardson*, 397 U.S at 770, 771, 90 S.Ct. at 1448, 1449). Judicial review of counsel's performance must be "highly deferential," and courts must apply a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Knowles v. Mirzavance*, 556 U.S. 111, 123-24 (2009) (quoting *Strickland*, 466 U.S. at 689).

Smith argues that his counsel's performance was deficient because counsel did not inform him that a qualifying crime of violence was necessary in order for Smith to be convicted under § 924(c), and that he would not have entered his guilty plea absent counsel's incorrect advice. As discussed above, however, Smith's arguments in this respect rely on an erroneous interpretation of the law. Smith did not need to be charged with or convicted of a separate "qualifying crime of violence" in order to be found guilty of a violation of § 924(c), so long as the court found that Smith engaged in conduct constituting a felony for which Smith *could have been charged* in federal court. Smith admitted to such conduct in the Plea Agreement and while under oath during the Change of Plea hearing.

Even if his counsel had mis-advised Smith, however, the court finds Smith cannot show that advice was prejudicial to his defense. The Indictment charged three crimes related to possession or use of a firearm. Smith's potential sentence on those charges ranged from 262 to 327 months on the § 924(c) charge and fifteen years to life on the two § 922(g) charges. Smith's counsel negotiated a plea that resulted in dismissal of two out of three of those charges and a below-guidelines sentence of 120 months, along with a concession by the United States not to add any charges arising from the underlying conduct. If Smith had rejected the plea agreement and gone to trial, as he contends, he cannot show the result of the proceedings would have come out more favorably than the sentence he received pursuant to the plea agreement. *See Knowles v. Mirzavance*, 556 U.S. 111, 126-28 (2009) ("to establish prejudice, the defendant must show that there is reasonable probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.") (citations and quotation marks omitted).

Smith must satisfy both prongs of the *Strickland* standard in order to succeed on his ineffective assistance of counsel claim, and the court may render its decision under either prong. *See United States v. Orange*, 447 F.3d 792, 796-97 (10th Cir. 2006) (requiring a defendant to satisfy both prongs of *Strickland* to establish an ineffective assistance of counsel claim); *Strickland*, 466 U.S. at 697 ("if it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."). Here, the court finds that Smith has failed to establish either prong of *Strickland's* test; not only did his counsel's advice comply with an objective standard of reasonableness, but Smith cannot show sufficient prejudice.

Smith received constitutionally effective assistance of counsel during the plea process. The general test of the validity of a guilty plea is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Hill v. Lockhart,* 472 U.S. 52, 56 (1985) (citing *North Carolina v. Alford,* 400 US. 25, 31 (1970)). Where the plea is based upon counsel's advice, "the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" *McMann v. Richardson*, 397 U.S. 759, 771 (1970) (citations omitted). The Supreme Court has held that a defendant who pleads guilty on counsel's advice can only "attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann*." *Tollett v. Henderson*, 411 U.S. 258, 266 (1973) (citing *McMann*, 397 U.S.

at 771). For the reasons discussed above, the court finds that counsel's assistance here was constitutionally competent. Smith's guilty plea represented a voluntary and intelligent choice among the alternative courses of action that were open to him at the time of the plea, and the court will not set that plea aside.

For the reasons set forth above, Smith's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Dkt. 36) is **DENIED**. The court declines to issue a certificate of appealability as it finds that Smith has not made a substantial showing of a denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED** this 20th day of July, 2020.


/s/ J. Thomas Marten
THE HONORABLE J. THOMAS MARTEN
UNITED STATES DISTRICT COURT